IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Richard Haynes,                                              Case No: 2:22-cv-904

          Plaintiff,                                        Judge Graham

      v.                                                    Magistrate Judge Jolson

Sports Car Club of America,

          Defendant.


Opinion and Order

Plaintiff Richard Haynes originally filed this suit in state court alleging that defendant Sports Car Club of America wrongfully terminated his membership in the SCCA. The suit was then removed to federal court by defendant, which asserted that the complaint supported the existence of diversity jurisdiction. *See* 28 U.S.C. § 1446.

This matter is before the Court on plaintiff's motion to remand the case to state court. According to plaintiff, the complaint seeks a modest recovery of lost membership fees and race entry fees, as well as his reinstatement to the SSCA. The Court agrees that the amount in controversy does not satisfy the $75,000 threshold, *see* 28 U.S.C. § 1332(a), and thus remands this action for the reasons stated below.

I.

Plaintiff Haynes is a resident of Hebron, Ohio. Defendant SCCA is a Connecticut non-profit corporation with its principal place of business in Topeka, Kansas.

In January 2022 Haynes filed suit in the Franklin County Court of Common Pleas. The complaint alleges that Haynes was expelled from the SCCA because he had opposed certain practices the organization was engaging in. Specifically, Haynes believed that the SCCA had failed to properly file or disclose certain financial reports and had been operating for-profit subsidiaries in a manner inconsistent with its bylaws.

Haynes attempted to run for a seat on the board of directors in 2020, but another member lodged a grievance against Haynes, which resulted in an internal disciplinary hearing. Haynes alleges that he was never informed of the nature of the grievance against him and was not allowed to attend the disciplinary hearing. Following the hearing, Haynes was informed in August 2020 that the SCCA had suspended his membership, preventing him from running for a director's seat. Haynes

1

alleges that he continued to attempt to investigate the mismanagement of the SCCA and that, in retaliation, the SCCA terminated his membership in August 2021.

The complaint asserts five causes of action.  The first is for a violation of an Ohio statute, O.R.C. § 1702.01, *et seq.*, which governs non-profit corporations.  Haynes alleges that the SCCA violated the statute by terminating his membership without providing him the with the process due under the statute and corporate bylaws, namely, an opportunity to be heard.

The second claim is for breach of contract.  Haynes alleges that the SCCA breached the membership agreement by failing to disclose certain financial information to him and by expelling him in violation of the corporate bylaws.

The third claim is for breach of the covenant of good faith and fair dealing.  Haynes alleges that the SCCA breached its duty by engaging in the same conduct that constituted the alleged breach of contract.

The fourth claim is for fraudulent concealment.  Haynes alleges that the SCCA suffered substantial financial losses – about $3 million from 2015 to 2018 – and that it has fraudulently concealed the true nature of its financial condition.

The final claim is for unjust enrichment.  Haynes alleges that the SCCA unjustly received his membership dues without providing him the benefits of membership.

The complaint seeks several forms of relief.  It seeks recovery of the membership dues Haynes paid in the years he was suspended and expelled.  It further seeks recovery of fees Haynes had paid to enter an unspecified number of SCCA-sanctioned races.  The complaint also seeks a declaration that Haynes be reinstated as a member.  It also requests an order requiring the SCCA to disclose its financial records.  The prayer for relief seeks an award of compensatory and punitive damages of $25,000.

## II.

Federal courts have jurisdiction over actions between citizens of different states when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  A defendant may remove an action originally filed in state court to federal court by filing a notice of removal stating the grounds for removal.  28 U.S.C. § 1446(a).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  A federal court resolves any doubt concerning the propriety of removal in favor of state court jurisdiction.  *See H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F.Supp.2d 671, 676 (S.D. Ohio 2014) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see also Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 Fed.

2

App'x 463, 468 (6th Cir. 2019) (noting that the "the removal statute should be strictly construed and all doubts resolved in favor of remand") (internal quotation marks omitted).

On a motion to remand, defendant bears the burden of establishing that removal was proper. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Where the amount in controversy is disputed, defendant must prove by a preponderance of the evidence that the amount exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S.81, 88–89 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)). Defendants "do not need to prove to a legal certainty that the amount in controversy requirement has been met," but when the amount in controversy is disputed "the district court must make findings of jurisdictional fact to which the preponderance standard applies." *Id.* (quoting H.R. Rep. No. 112–10, p. 16 (2011)). Thus, it is the defendant who bears "the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010).

The amount in controversy is typically "determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (internal quotation and citation omitted). A plaintiff is "master of his complaint" and can avoid federal jurisdiction by suing for less than the full amount to which he might be entitled. *Smith*, 505 F.3d at 407.

When, as here, the plaintiff seeks injunctive or equitable relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). "[T]here is a circuit split as to whether a court may determine the amount in controversy from the perspective of either party (the 'either viewpoint rule') or whether a court may only consider the plaintiff's viewpoint." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (quoting *Olden v. LaFarge Corp.*, 383 F.3d 495, 503 n.1 (6th Cir. 2004)); *see also Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 372 (6th Cir. 2014). If measuring the value from the plaintiff's perspective, the court must determine "the value of the right that the plaintiff seeks to protect or the extent of the injury to be prevented." *McIntire v. Ford Motor Co.*, 142 F.Supp.2d 911, 920 (S.D. Ohio 2001). If measuring the value from the defendant's perspective, the court must determine the "expected cost to the defendant of complying with the injunction which the plaintiffs seek." *Olden*, 383 F.3d at 503 n.1.

III.

Plaintiff argues that the damages he seeks are not substantial and certainly do not approach $75,000. The complaint seeks damages for "the loss of member dues [Haynes] paid to SCCA" in the two years he was suspended and expelled and for the loss of entry fees he had paid for SCCA-sponsored races "during the racing year" at issue (2020 and/or 2021). Doc. 1-1 at ¶ 51. The cost of an annual membership is $85, and the entry fee for races is in the range of $150 to $300. *See* https://www.scca.com/pages/membership?utm_source=ad&utm_medium=FB&utm_campaign; https://www.scca.com/pages/find-your-fun. Though the complaint does not specify how many races Haynes had registered for during the racing year, even if Haynes had registered for 50 races (effectively one race per week for a year), the amount of fees would be in the range of $7,500 to $15,000.

Defendant does not dispute that any award of compensatory damages would be a fraction of the jurisdictional amount. Defendant instead emphasizes that the complaint also seeks an award of punitive damages. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (internal quotation marks omitted). In Ohio punitive damages are not recoverable for a breach of contract unless defendant's alleged conduct amounts to an independent tort. *Riley v. Gen. Motors, LLC*, No. 2:21-CV-00924, 2022 WL 787871, at *11 (S.D. Ohio Mar. 15, 2022) (citing cases). Here, the complaint alleges tortious conduct – fraudulent concealment and unjust enrichment – independent of the breach of contract.

Assigning a dollar value to a potential award of punitive damages is a difficult exercise at this early stage in the litigation. *See Heyman*, 781 Fed. App'x at 472 (noting that the facts relevant to a punitive damages determination will likely be unavailable at the motion-to-remand stage). In order to avoid rank speculation, a district court may be guided by a "'a single-digit ratio between punitive and compensatory damages.'" *Id.* (quoting *State Farm Mut. Auto. Ins. v. Campbell*, 538 U.S. 408, 425 (2003)).

The Court finds that a conservative ratio should apply here in assigning a value to punitive damages for purposes of the motion to remand. *See id.* at 472–73 (finding no error in the district court's selection of a 2:1 ratio of punitive damages to compensatory damages). The alleged tortious conduct was the SCCA's failure to disclose certain financial records and its unjust retention of Haynes's membership dues. Haynes alleges that if he had known the true financial condition of the

4

SCCA, he would not have continued paying membership dues.  In the Court's view, the complaint's allegations do not place the defendant's actions in the range of the most extreme or reprehensible type of conduct.  Haynes was not physically harmed, was not financially vulnerable, and he suffered relatively minor monetary losses.  *See Northpoint Properties, Inc. v. Charter One Bank*, 2014-Ohio-1430, ¶ 83 (Ohio Ct. App.) (listing factors for determining punitive damages) (citing *State Farm*, 538 U.S. at 419).  As pleaded in the complaint, this case represents an internal dispute over the operation and direction of the SCCA.

Using a 2:1 ratio, and assuming a maximum compensatory damages amount of $15,000, punitive damages would be $30,000.  This puts the total damages at $45,000 – an amount well short of the requirement for diversity jurisdiction.

The value of plaintiff's requested injunctive and equitable relief does not bridge the gap to $75,000.  Plaintiff seeks reinstatement as a SCCA member.  Regardless of whether the relief is viewed from the perspective of value to the plaintiff or cost of compliance for the defendant, the amount should be no more than $85, the cost of the membership.  Plaintiff also seeks an order requiring the SCCA to disclose certain financial records.  Defendant has not made any showing that it would be burdensome or expensive to comply with such an order.

IV.

Accordingly, plaintiff's motion to remand this action to state court (doc. 15) is GRANTED. Plaintiff's request for costs and attorney's fees associated with the motion is denied, as plaintiff has not demonstrated that defendant removed the action for any improper purpose.

The Clerk of Court shall mail a certified copy of this order of remand to the clerk of court of the Franklin County Court of Common Pleas.  28 U.S.C. § 1447(c).

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: May 27, 2022

5